# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DEJUAN B. THORNTON-BEY,** | : | CIVIL ACTION NO. 1:17-CV-1392 |
| Petitioner | : | (Chief Judge Conner) |
| v. | : | |
| **L.J. ODDO,** | : | |
| Respondent | : | |

## MEMORANDUM

Presently before the court is a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 (Doc. 1), filed by petitioner DeJuan B. Thornton-Bey ("Thornton-Bey"), a federal inmate confined at the United States Penitentiary, Allenwood, Pennsylvania. Preliminary review of the petition has been undertaken, see R. GOVERNING § 2254 CASES R.4 (directing prompt examination of the petition and dismissal if it plainly appears that the petitioner is not entitled to relief)[1], and, for the reasons set forth below, the petition will be dismissed for lack of jurisdiction.

## I. Background

Following a jury trial in the United States District Court for the Northern District of Illinois, Thornton-Bey was found guilty of possession of a firearm by a felon, possession with intent to distribute a schedule I controlled substance in a public housing authority facility, and using and carrying a firearm in relation to a drug trafficking crime. (Doc. 1, at 14, 19-20). He was sentenced to a total of 387

---

[1] These rules are applicable to petitions under 28 U.S.C. § 2241 in the discretion of the court. See R. GOVERNING § 2254 CASES R.1(b).

months' imprisonment, and ordered to pay a special assessment of $300.00 and a fine of $3,000.00, due immediately. (Id. at 17-20).

In the habeas petition, Thornton-Bey challenges the legality of the judgment and commitment order issued by the Northern District of Illinois. (Doc. 1, at 6). Specifically, he contends that the judgment and commitment order is invalid because it was not signed by a judge on the date of the imposition of sentence, was not entered on the docket, and does not bear the court's seal. (Id. at 8-9). As a result of this alleged fraudulent judgment and commitment order, Thornton-Bey claims that he is unlawfully detained and requests that the court order respondent to "send [him] back" to the Northern District of Illinois. (Doc. 1-1, at 9).

**II.     Discussion**

Challenges to the legality of federal convictions or sentences that are allegedly in violation of the Constitution may generally be brought only in the district of sentencing pursuant to 28 U.S.C. § 2255. Okereke v. United States, 307 F.3d 117 (3d Cir. 2002) (citing Davis v. United States 417 U.S. 333, 342 (1974)); see In re Dorsainvil, 119 F.3d 245 (3d Cir. 1997). Once relief is sought *via* section 2255, an individual is prohibited from filing a second or subsequent 2255 petition unless the request for relief is based on "newly discovered evidence" or a "new rule of constitutional law." 28 U.S.C. § 2255.

Further, such claims may not be raised in a § 2241 petition except in unusual situations where the remedy by motion under § 2255 would be inadequate or ineffective. See 28 U.S.C. § 2255; see Dorsainvil, 119 F.3d at 251-52. The burden is on the habeas petitioner to allege or demonstrate inadequacy or ineffectiveness.

2

See Application of Galante, 437 F.2d 1164, 1165 (3d Cir. 1971).  Importantly, § 2255 is not "inadequate or ineffective" merely because the sentencing court has previously denied relief.  See Dorsainvil, 119 F.3d at 251.  Nor do legislative limitations, such as statutes of limitation or gatekeeping provisions, placed on § 2255 proceedings render the remedy inadequate or ineffective so as to authorize pursuit of a habeas corpus petition in this court.  Cradle v. United States, 290 F.3d 536, 539 (3d Cir. 2002); United States v. Brooks, 230 F.3d 643, 647 (3d Cir. 2000); Dorsainvil, 119 F.3d at 251.  If a petitioner improperly challenges a federal conviction or sentence under § 2241, the petition must be dismissed for lack of jurisdiction.  Application of Galante, 437 F.2d at 1165.

Thornton-Bey's present claims fall within the purview of § 2255.  Indeed, he is currently pursuing a § 2255 motion in the Northern District of Illinois and has raised the same claim regarding the alleged fraudulent judgment and commitment order.  See United States v. Thornton-Bey, Civil No. 1:16-cv-5532 (N.D. Ill. 2016) at (Docs. 28, 45).  Thornton-Bey offers no explanation or reasoning as to why his pending § 2255 motion is inadequate or ineffective.  In fact, nothing in the petition speaks to a claim of inadequacy or ineffectiveness, as set forth in 28 U.S.C. § 2255.  The remedy afforded under § 2241 is not an additional, alternative, or supplemental

remedy to that prescribed under § 2255. Thornton-Bey's recourse lies with a motion pursuant to 28 U.S.C. § 2255 in the sentencing court. Consequently, the instant petition will be dismissed for lack of jurisdiction.

A separate order shall issue.

/S/ CHRISTOPHER C. CONNER
Christopher C. Conner, Chief Judge
United States District Court
Middle District of Pennsylvania

Dated: October 17, 2017